THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HARRY H. FISHER, Alias HYMAN FISHER, Defendant.

Court of General Sessions, New York County, November 7, 1932.

*John J. Bennett, Jr., Attorney-General* [*Sol Ullman, Deputy Attorney-General*], for the plaintiff.

*Blau, Perlman & Polakoff* [*Nathan D. Perlman* and *Samuel Mezansky* of counsel], for the defendant.

Rosalsky, J. The defendant is charged in two indictments with the crime of practicing medicine without lawful authorization and registration, and in a third indictment with the crime of using the title " Doctor " and an abbreviation thereof in connection with his name in the conduct of an occupation and profession involving and pertaining to the public health and the diagnosis and treatment of any human disease, pain, injury, deformity and physical condition, without being duly authorized by law to use the same.

There was record proof admitted before the grand jury to the effect that the defendant was convicted on his plea of guilty on September 6, 1921, in the District Court of the United States of America, for the Southern District of New York, of the felony of " unlawful sales of narcotics in violation of Harrison Act " (U. S. Code, tit. 26, § 211), and that he was fined the sum of $1,000.

The defendant moves to set aside the three indictments upon the following grounds: (1) That the felony of which he was convicted in the Federal court was not a felony under the laws of this State as provided by section 161 of the Public Health Law, then in effect, and that the said crime constituted a misdemeanor under the Code of Ordinances of the City of New York (Art. 8-A), passed under the Home Rule Amendment on July 25, 1921; (2) that said conviction did not automatically preclude him from practicing medicine; and (3) that his license to practice medicine could be revoked only after a hearing upon written charges, as provided by section 170 of the Public Health Law, in effect at the time of his conviction, and also as now provided by sections 1264 and 1265 of the Education Law.

The indictments are based on section 1251 and subdivisions 2, (a), (c) and 3 of section 1263 of the Education Law.

The status of the defendant with respect to his conviction of a felony in the Federal court must be determined under section 161 of the Public Health Law, which was in effect at the time of his conviction. That section provides: " No person shall practice medicine, unless registered and legally authorized prior to September first, eighteen hundred and ninety-one, or unless licensed by the regents and registered under article eight of chapter six hundred and sixty-one of the laws of eighteen hundred and ninety-three and acts amendatory thereto, or unless licensed by the regents and registered as required by this article; nor shall any person *practice* under this article who has ever been convicted of a felony by any court, or whose authority to practice is suspended or revoked by the regents on recommendation of the state board. The con-

viction of a felony shall include the conviction of any offense which if committed within the state of New York would constitute a felony under the laws thereof. * * * ''

Section 1251 of the Education Law provides: '' No person shall practice medicine, unless registered and legally authorized prior to September first, eighteen hundred and ninety-one, or unless licensed by the regents and registered under article eight of chapter six hundred and sixty-one of the laws of eighteen hundred and ninety-three and acts amendatory thereto, or unless licensed by the department and registered as required by this article; nor shall any person *be licensed* to practice under this article who has ever been convicted of a felony by any court, or whose authority to practice is suspended or revoked by the department. The conviction of felony shall be the conviction of any offense which if committed within the State of New York would constitute a felony under the laws thereof. * * * ''

Section 1263 (Subd. 3) of the Education Law provides: '' Any person who during the time his license to practice medicine shall be suspended or revoked, or who shall be convicted of a felony, shall practice medicine, shall be guilty of a misdemeanor.''

It is manifest that section 1251 of the Education Law has no application to the question to be considered here, for the reason that its provision, '' nor shall any person be licensed to practice under this article who has ever been convicted of a felony by any court,'' deals only with the licensing of a person to practice medicine who has ever been convicted of a felony by any court, whereas the provision of the Public Health Law (section 161), '' nor shall any person practice under this article who has ever been convicted of a felony by any court,'' prohibits any person from practicing medicine who has ever been convicted of a felony by any court. Furthermore, under the Public Health Law the person convicted of a felony is automatically prohibited from practicing, while under the Education Law there is no such prohibition.

The provision that '' No person shall practice medicine, * * * who has ever been convicted of a felony by any court, * * * '' (Public Health Law, § 161) ·was first enacted by section 6 of chapter 647 of the Laws of 1887. This provision was re-enacted by section 140 of chapter 661 of the Laws of 1893; by section 2 of chapter 344 of the Laws of 1907, and by section 161 of chapter 319 of the Laws of 1914.

The provision that '' The conviction of a felony shall include the conviction of any offense which if committed within the State ·of New York would constitute a felony under the laws thereof '' (Public Health Law, § 161); was first enacted by section 2 of chapter 344 of the Laws of 1907, and was re-enacted by section 1 of

chapter 319 of the Laws of 1914. By section 174 of the Public Health Law it was also a misdemeanor for a person after conviction of a felony to practice medicine.

It will be observed that under section 6 of chapter 647 of the Laws of 1887 and section 140 of chapter 661 of the Laws of 1893 the provision of section 161 of the Public Health Law (as amd. by Laws of 1914, chap. 319) that " No person shall practice medicine * * * who has ever been convicted of a felony by any court " means " any and every felony in the whole catalogue of crime, whether committed here or in another jurisdiction " (*People* v. *Hawker*, 12 N. Y. Cr. 122), and irrespective of whether the felony committed in another jurisdiction, if committed within the State of New York, would constitute a felony under the laws thereof.

From 1887 until 1907 — about twenty years — it was the policy of the law-making body of this State to regard the felony of which the person was convicted in another jurisdiction as the sole test for automatically depriving him of his right to practice medicine in this State, even though the felony of which he was convicted was not a felony under the laws of this State.

The provision that " The conviction of a felony shall include the conviction of any offense which if committed within the state of New York would constitute a felony under the laws thereof " (Laws of 1907, chap. 344, § 2; Public Health Law, § 161, as amd. by Laws of 1914, chap. 319), wrought an important and material change. The Legislature, being aware that there are crimes which are felonies in other States and under the Federal jurisdiction but which are not felonies under the laws of this State, and that there are crimes amounting only to misdemeanors in other States and under the Federal jurisdiction which are felonies under the laws of this State, must have intended by this change that the felony of which a person was convicted in another jurisdiction shall comprise, comprehend, embrace or take in the conviction of any offense which if committed within this State would constitute a felony under the laws thereof. The Legislature brought about a new policy with respect to a person being automatically prohibited from practicing medicine after his conviction of a felony in another jurisdiction, and declared that his conviction of a felony in the foreign jurisdiction must also constitute a felony under the laws of this State; that is to say, that the crime of which such person was convicted must be a felony in both jurisdictions instead of as theretofore, only in the foreign jurisdiction.

The Attorney-General contends that the word " include " should be interpreted as a word of enlargement, while counsel for the defendant urges that it should be interpreted as a word of limitation or restriction.

The word "include" has been defined by courts and lexicographers in many ways, and its signification varies according to its peculiar use in a particular statute. If the contention of the Attorney-General should be adopted it would mean that the Legislature had brought about three contingencies under any one of which a person would automatically be prohibited from practicing medicine: (a) Who has ever been convicted of a felony in this State; (b) who has ever been convicted of a felony in a foreign jurisdiction, regardless of whether such felony was a felony under the laws of this State, and (c) who has ever been convicted of any offense in a foreign jurisdiction, regardless of whether the offense was a felony in such jurisdiction, provided the offense, if committed in this State, would constitute a felony under the laws thereof. If the view of counsel for the defense should be adopted, then there would be only two contingencies under either of which a person would automatically be prohibited from practicing medicine: (a) Who has ever been convicted of a felony in the State of New York, and (b) who has ever been convicted of a felony in a foreign jurisdiction, provided such conviction of a felony included an offense which if committed within the State of New York would constitute a felony under the laws thereof.

In determining which shade of meaning to give to the word "include," the intention of the Legislature must be gathered from the context and from the statute as a whole, and such interpretation should be given as is consonant with reason and sound judgment.

In *Montello Salt Co.* v. *Utah* (221 U. S. 452) Mr. Justice McKenna wrote: "The determining word is, of course, the word 'including.' It may have the sense of addition, as we have seen, and of 'also;' but, we have also seen, 'may merely specify particularly that which belongs to the genus.' *Hiller* v. *United States*, 106 Fed. Rep. 73, 74. It is the participle of the word 'include,' which means, according to the definition of the Century Dictionary, (1) 'to confine within something; hold as in an inclosure; to inclose; to contain.' (2) 'To comprise as a part, or as something incident or pertinent; comprehend; take in; as the greater includes the less; the Roman Empire included many nations.' 'Including' being a participle is in the nature of an adjective and is a modifier. What, then, does it modify as used in § 8? Necessarily, we think the preceding substantive phrase 'one hundred and ten thousand acres of land,' and we have the meaning of the section to be that the saline lands are to be contained in or comprise a part of the 110,000 acres of land. * * * The Supreme Court of the State also * * * considered that the word 'including' was used as a word of

enlargement, the learned court being of opinion that such was its ordinary sense. With this we cannot concur. It is its exceptional sense, as the dictionaries and cases indicate " (pp. 464, 465, 466).

In *Matter of Sheppard* (189 App. Div. 370) Mr. Justice FOOTE wrote: " It is not claimed by the State Comptroller that these western mortgages are investments within the definition of that term as given by section 330. But his contention is that section 330 does not define the word ' investments ' but simply states that such ' investments ' *shall include* the securities named therein, and does not state that it shall include *only* such securities.

" We are unable to adopt this view. We think it clear from the context that the word ' include ' is here used as synonymous with ' comprise ' or ' comprehend,' and that the legislative intent was that only the securities specified in section 330 are to be deemed ' investments ' within the meaning of that word as used in sections 331 and 221b."

It is evident that the Legislature did not use the word " include " as a word of enlargement, but used it in a restrictive sense, as a word of limitation, and that the language, " shall include the conviction of any offense," was used with regard to the language which preceded it, namely, " who has ever been convicted of a felony by any court; " that is to say, the conviction of a felony in another jurisdiction shall include the conviction of any offense which if committed within the State of New York would constitute a felony under the laws thereof. In other words, " shall include " was used for the purpose of definitely specifying what particular class of crime belongs to the category " convicted of a felony."

If the Legislature had used language to the effect that the conviction of a felony in another jurisdiction shall be deemed the conviction of any offense which if committed within the State of New York would constitute a felony under the laws thereof, then there could be no question that the conviction of an offense in another jurisdiction would be deemed a conviction of a felony under the laws of the State of New York.

If the felony in another jurisdiction did not constitute a felony under the laws of the State of New York, then section 161 of the Public Health Law does not apply. It only applies if the conviction of a felony in another jurisdiction comprised, comprehended, embraced or took in the commission of any offense which if committed within the State of New York would constitute a felony under the laws thereof. Then, and then only, would a person who has been convicted of a felony in another jurisdiction automatically be deprived of his right to practice medicine.

On September 6, 1921, when the defendant was convicted in the

District Court of the United States of America for the Southern District of New York of the felony of unlawful sales of narcotics in violation of the Harrison Act, that crime was only a misdemeanor under the Code of Ordinances of the City of New York passed under the Home Rule Amendment on July 25, 1921, and since the felony of which the defendant was convicted was not a felony under the laws of the State of New York at that time, it must follow as a corollary that the defendant was not automatically prohibited from practicing medicine in the State of New York, and, therefore, he is not guilty of a misdemeanor under section 1263 (Subd. 3) of the Education Law.

This must not be construed to mean that the defendant may continue the practice of his profession with impunity. Sections 1264 and 1265 of the Education Law still point the way to revoke his license. These sections provide that where a physician has been convicted in a court of competent jurisdiction either within or without the State of a crime or misdemeanor, his license may be revoked after being served with charges and an opportunity is afforded him to answer them. Such procedure may be had on the facts as here presented because the defendant's conviction of a felony is a crime for which he may be removed upon charges after a hearing, but is not such a felony, for the reasons stated, as automatically to prohibit him from practicing medicine.

The motion of the defendant to set aside the three indictments is granted, with leave to resubmit the charges to another grand jury.